UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESSEX MANAGEMENT CORPORATION,<br>Plaintiff,<br>v.<br>SUZANNE M. RELANDER,<br>Defendant. | Case No. 16-cv-03981-EDL<br><br>**REPORT AND RECOMMENDATION TO REMAND; ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND REASSIGNING CASE** |

On July 14, 2016, Defendant Suzanne M. Relander ("Defendant") filed a notice of removal of this unlawful detainer case—originally filed by Plaintiff against Defendant in San Mateo County Superior Court on April 7, 2016—as well as an application to proceed in forma pauperis ("IFP Application"). As the Parties have not yet consented to this Court's jurisdiction, the Court issues this Report and Recommendation and reassigns this case to a district judge. For the reasons set forth below, the Court grants Defendant's IFP Application and recommends remanding this matter to state court.

Defendant's IFP Application adequately alleges her poverty. Defendant is employed as a dispatcher in Redwood City, CA. Her gross salary is $1900 per month, and her net salary is $1650 per month. She has no other income. She does not own a home, own an automobile, or have a bank account. She owns $40 in cash. Her monthly expenses total $2,195. Accordingly, Defendant qualifies for in forma pauperis status, and her IFP Application is granted.

However, the Court lacks subject matter jurisdiction in this case and the case should be remanded. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If

at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted).

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.; see also Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006).  Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question.  28 U.S.C. § 1441.  However, a case may be removed based on the existence of a federal question only when that federal question appears on the face of the properly pleaded complaint.  See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002) ("The well-pleaded-complaint rule has long governed whether a case "arises under" federal law for purposes of § 1331."); see also Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

Here, the face of the complaint referenced in the Notice of Removal asserts only one state law claim for unlawful detainer.  Because this complaint does not provide any basis for removal, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1331.  See Notice of Removal at Ex. A (Complaint for Unlawful Detainer).  To the extent that Defendant may have raised federal law issues in an answer in state court, those issues do not provide a basis for removal.

Further, removal of the action was untimely under 28 U.S.C. § 1446(b), which requires that an action be removed within thirty days of service or thirty days after it becomes ascertainable that the action could be removed.  The underlying state court complaint was filed on April 7, 2016.  Defendant was necessarily served with the complaint by at least May 23, 2016, which is when she filed an answer.  However, she did not remove until July 14, 2016, more than thirty days later, and nothing in the interim changed the nature of the complaint or made it any more or less

1  removable than it was on the date it was served or answered.  Even taking into consideration the
2  leniency afforded to pro se litigants, there is no explanation or excuse given for Defendant's
3  failure to timely remove, and remand is appropriate on this basis as well.  See 28 U.S.C. § 1447(c)
4  (removed case may be remanded to state court based on a "defect" in the removal procedure).

  For the foregoing reasons, the Court recommends remanding this case to San Mateo County Superior Court.  Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy.  See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO ORDERED.**

Dated: July 20, 2016

ELIZABETH D. LAPORTE
United States Magistrate Judge

3